Lawrence W. Freiman, Esq. (SBN 288917)
Michael J. Freiman, Esq. (SBN 280716)
100 Wilshire Blvd., Suite 950
Santa Monica, CA 90401
Phone: (310) 917-1024
Fax: (888) 835-8511
lawrence@freimanlaw.com
michael@freimanlaw.com

Attorneys for Plaintiff
CELIA WILLIAMSON

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

\* \* \* \* \*

| | |
|---|---|
| CELIA WILLIAMSON,<br><br>Plaintiff,<br><br>v.<br><br>CROWN IMPORTS, LLC,<br><br>Defendant. | CASE NO. CV13-03256-DDP(SHx)<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, CELIA WILLIAMSON ("Plaintiff"), by and through her counsel LAWRENCE W. FREIMAN, ESQ. and MICHAEL J. FREIMAN, ESQ. hereby complains and alleges as follows:

## PARTIES AND JURISDICTION

1.  Plaintiff, CELIA WILLIAMSON, at times herein was an individual residing in, and with citizenship in, Los Angeles County, State of California.

2.  Defendant, CROWN IMPORTS, LLC ("Defendant"), is now, and at all times mentioned was, a Foreign Limited Liability Company, licensed to, and doing

regular business in Los Angeles County and throughout the State of California. Defendant is therefore subject to personal jurisdiction as a result of its continuous business activities in the state and its participation in the acts alleged in this complaint.  Defendant is a citizen of the State of Illinois.

3.  This Court has subject matter jurisdiction in this action pursuant to 28 USC § 1332 inasmuch as this matter is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4.  Venue is proper for Plaintiff in this District based on 28 U.S.C. § 1391 because Los Angeles County is where a substantial part of the events and omissions giving rise to Plaintiff's claims occurred.

5.  Plaintiff has filed a charge with the California Department of Fair Employment and Housing (hereinafter "FEHA").  Plaintiff obtained a "Right to Sue" letter from FEHA, permitting her to bring suit within one year of May 2, 2013. Thus, all administrative remedies have been exhausted.

## GENERAL ALLEGATIONS

6.  Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1-4 as though fully set forth herein.

7.  Plaintiff commenced employment with Defendant in of around September of 2011, leaving her job at a rival company where she earned approximately $86,000.00.

8. The duties and job description that Plaintiff was required to engage in while employed with Defendant were materially different than those promised to her and were used to induce her to leave her previous employment and accept the position with Defendant.

9. Unbeknownst to Plaintiff, Plaintiff's direct supervisor, would require Plaintiff to act as more of a female entertainer rather than a marketer.

10. Plaintiff was told that she "should appear she was single" in order to keep her job because Plaintiff's Supervisor didn't like women that were in relationships.

11. Plaintiff's Supervisor organized work-related "trips." One such trip was in December of 2011. During that trip, Plaintiff's Supervisor commissioned a "party bus" with a stripper pole to pick up him and Plaintiff to take them on a pub crawl through San Diego, California.

12. Plaintiff did not drink or dance on the pole.

13. That night at or around 11:00 p.m., Plaintiff felt so uncomfortable that instead of staying in a hotel room in San Diego, CA as planned, she began a drive back to Los Angeles.

14. In or around February of 2012, Plaintiff's Supervisor organized another "trip" in Dallas, TX.

15. Unbeknownst to Plaintiff, Plaintiff's Supervisor planned to take Plaintiff and other individuals to a strip club. After 11:00 p.m., Plaintiff received a text message from her co-worker stating that Plaintiff's Supervisor was looking for her.

16. On April 19, 2012, Plaintiff's Supervisor met Plaintiff outside of her apartment in Los Angeles. Plaintiff drove Plaintiff's Supervisor to Bakersfield, CA for what Plaintiff thought was a client meeting. On the way to Bakersfield, Plaintiff's Supervisor informed Plaintiff that he wanted her to attend a concert. Plaintiff told Plaintiff's Supervisor that she did not want to be in a situation where she was pressured to drink.

17. Plaintiff's Supervisor required Plaintiff to go immediately and demanded that she give him a ride. Plaintiff was dressed that day in slacks, a polo shirt, and with her hair pulled back. Plaintiff's Supervisor required Plaintiff to change into a dress. Plaintiff was also told "you need to wear your hair down." Plaintiff's Supervisor then instructed Plaintiff to go to Macy's to buy and change into a new dress before going to the concert.

18. When Plaintiff returned with the new dress on, her co-worker said "you look much sexier now. You should wear your hair down." Meanwhile, Plaintiff's Supervisor was drinking heavily and grabbed his crotch area where his genitals were located repeatedly while staring at Plaintiff while Plaintiff was driving him on their way back to Plaintiff's apartment to drop Plaintiff's Supervisor off at his car. At or

around 11:00 p.m., after Plaintiff parked, Plaintiff's Supervisor refused to leave her car. Plaintiff told Plaintiff's Supervisor, "I feel really uncomfortable. I am not interested in anything with you."

19. In July of 2012, Plaintiff attempted to submit routine expense reimbursements to Defendant. However, Defendant's computer program stated that she could not submit them since six months had passed that she must incur the costs as personal expenses.

20. Plaintiff complained to Defendant who told Plaintiff to personally pay the expenses.

21. Plaintiff then complained to Defendant's Vice President about the expense reimbursement.

22. Plaintiff's Supervisor then called Plaintiff and stated, "you've got attention on our team from the finance department. I'm really pissed off now."

23. Plaintiff sent Plaintiff's Supervisor an e-mail stating that her right to the expense reimbursement was protected under the California Labor Code. Plaintiff's Supervisor then met with Plaintiff and said, "I'll pass this on, but do you really want to do this because [the Vice President] is really pissed off."

24. Plaintiff discussed expenses with Plaintiff's Supervisor on another occasion and that time he said, "you stupid Mexican woman."

25. Throughout Plaintiff's employment, Plaintiff's Supervisor and her other co-workers openly and notoriously made derogatory jokes about Mexicans. They perceived Plaintiff to be Mexican even though she was Puerto Rican.

26. Plaintiff's Supervisor organized another "trip" to Las Vegas, NV in November of 2012. On this trip, Plaintiff's Supervisor again required Plaintiff to change out of pants and into a dress. Plaintiff's Supervisor planned another work-related trip to a strip club. Plaintiff's Supervisor texted Williamson at 12:30 a.m., stating, "Where are you come and meet up with me."

27. Thereafter, Plaintiff received care from psychiatrists and psychologists.

28. Defendant then terminated Plaintiff.

29. Defendant did not reimburse $700.00 due and owing to Plaintiff. Plaintiff is also entitled to a bonus of $30,000.00 due to her exceeding of her 2012 goals.

30. Due to the preceding allegations as well as the following claims for relief, Plaintiff is entitled to damages in excess of $75,000.00 exclusive of interest and costs.

### FIRST CLAIM FOR RELIEF
**(Gender Discrimination and Failure to Prevent Gender Discrimination in violation of California's Fair Employment and Housing Act (FEHA))**

31. Plaintiff repeats and re-alleges the preceding paragraphs as though fully set forth herein.

32. FEHA prohibits gender discrimination in the workplace and expressly imposes on employers an obligation to take immediate and appropriate corrective action to prevent gender discrimination.

33. Plaintiff was discriminated against by Defendant due to the fact that she was female and made protected complaints to Defendant about the discrimination she endured by Plaintiff's Supervisor and other individuals that were employed by Defendant.

34. Plaintiff was required to wear dresses instead of suits, wear her hair down, expected to dance on stripper poles, attend strip clubs and generally use her gender as a means of carrying out her job responsibilities.

35. Defendant was on notice of the gender discrimination due to Plaintiff's protected complaints and failed to correct the discrimination. Instead, Plaintiff was terminated within weeks of her protected complaints.

36. Plaintiff seeks economic damages, statutory damages, emotional distress damages, and punitive damages due to Defendant's willful and wanton conduct.

**SECOND CLAIM FOR RELIEF**
**(Failure to Promote, Pay Compensation Earned, and Wrongful Termination in Violation of California's Public Policy)**

37. Plaintiff repeats and re-alleges the preceding paragraphs as though fully set forth herein.

38. The public policy of the State of California, expressed in <u>Gould v. Maryland Sound Industries, Inc.</u>, 31 Cal. App. 4th 1137 (1995) is to prohibit employers from retaliating against employees who make complaints about failure to pay employees for hours worked.

39. Cal. Lab. Code s. 2802 requires employers to reimburse employees for business expenses. A waiting time penalty accrues in an amount equal to the employee's daily rate of pay for each day the wages remain unpaid.

40. Plaintiff complained to Defendant about Defendant's failure to pay her for her bonuses earned pursuant to Defendant's company policy in the approximate amount of $30,000.00 and failure to reimburse for business expenses incurred in the approximate amount of $700.00.

41. Defendant retaliated against Plaintiff by failing to promote Plaintiff, and terminating Plaintiff's employment in violation of public policy.

42. Plaintiff seeks economic damages in the principal amount of $30,700.00 in addition to any penalties that have accrued, emotional distress damages, and punitive damages due to Defendant's willful and wanton conduct.

### THIRD CLAIM FOR RELIEF
**(Sexual harassment and failure to prevent sexual harassment in violation of FEHA and California Public Policy)**

43. Plaintiff repeats and re-alleges the preceding paragraphs as though fully set forth herein.

44. At all times mentioned the public policy of the State of California, expressed in FEHA is to prohibit employers from harassing on the basis of sex or retaliating against employees who make good faith complaints about sexual harassment. FEHA prohibits an employer from harassing an employee because of sex or gender and prohibits (1) quid pro quo harassment where a term of employment is conditioned upon submission to unwelcome advances; and (2) a hostile work environment where the harassment is sufficiently pervasive so as to alter the conditions of employment and create an abusive work environment.

45. Plaintiff's Supervisor engaged in quid pro quo harassment by recommending Plaintiff's less qualified co-worker with better terms and conditions of employment. Plaintiff refused to dance on stripper poles, attend strip clubs with Plaintiff's Supervisor and meet Plaintiff's Supervisor in response to his 12:30 a.m. and other late-night text messages.

46. Both Defendant and Plaintiff's Supervisor failed to prevent harassment.

47. Plaintiff reported the harassment to Defendant.

48. As a direct, legal, and proximate result of Plaintiff's complaint, Defendant retaliated against Plaintiff and terminated Plaintiff's employment in contravention of FEHA.

49. As a proximate result of the aforesaid acts of Defendant, Plaintiff has suffered actual, consequential and incidental financial losses, including without

limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial.

50. As a proximate result of the wrongful acts of Defendant, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon alleges that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

51. Plaintiff seeks economic damages, statutory damages, emotional distress damages, and punitive damages due to Defendant's willful and wanton conduct.

**FOURTH CLAIM FOR RELIEF**
**(Discrimination and Harassment based on perceived national origin/Hostile Work Environment/Failure to Prevent Discrimination and Harassment in violation of FEHA)**

52. Plaintiff repeats and re-alleges the preceding paragraphs as though fully set forth herein.

53. Plaintiff was discriminated based on Defendant's perceived national origin of Plaintiff.

54. Plaintiff seeks economic damages, statutory damages, emotional distress damages, and punitive damages due to Defendant's willful and wanton

conduct.

## FIFTH CLAIM FOR RELIEF
### (Fraudulent Inducement of Employment)

55. Plaintiff repeats and re-alleges the preceding paragraphs as though fully set forth herein.

56. Prior to working for Defendant, Plaintiff was gainfully employed by another employer, where she earned $86,000.00 in yearly compensation.

57. Defendant intentionally misrepresented facts to Plaintiff regarding her employment with Defendant. Specifically, Plaintiff was never told about various job "requirements" such as dancing on stripper poles, wearing her hair down, wearing dresses instead of pants because she was female, attending strip clubs, and entertaining male clients just because she was a female.

58. The misrepresentations made by Defendant were a key component of the decision to accept or continue the employment.

59. The representations were reasonably relied upon by Plaintiff and had she known about the tasks that Plaintiff's Supervisor and Defendant wanted her to perform, namely those of a sexual nature, Plaintiff would have never left her prior employment and taken the position with Defendant.

60. Plaintiff suffered tangible injuries. Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her

field and damage to her professional reputation, and punitive damages, all in an amount subject to proof at the time of trial.

61.  As a proximate result of the wrongful acts of Defendant, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms.  Plaintiff is informed and believes and thereupon alleges that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

1.  That the Court award compensatory general, special, and punitive damages to Plaintiff and against Defendant in a sum according to proof;

2.  That the Court award Plaintiff the costs of suit incurred herein, including reasonable attorney's fees, interest and costs.

3.  For such other and further relief as the Court may deem just and proper.

Dated: May 7, 2013                     /s/ *Lawrence W. Freiman, Esq*
                                       LAWRENCE W. FREIMAN, ESQ.
                                       State Bar No. 288917
                                       MICHAEL J. FREIMAN, ESQ.
                                       State Bar No. 280716

                                       Attorneys for Plaintiff
                                       CELIA WILLIAMSON

COMPLAINT
12

## DEMAND FOR JURY TRIAL

Plaintiff, CELIA WILLIAMSON, hereby demands a jury trial.

Dated: May 7, 2013            /s/ *Lawrence W. Freiman, Esq*
                              LAWRENCE W. FREIMAN, ESQ.
                              State Bar No. 288917
                              MICHAEL J. FREIMAN, ESQ.
                              State Bar No. 280716

                              Attorneys for Plaintiff
                              CELIA WILLIAMSON

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dean D. Pregerson and the assigned discovery Magistrate Judge is Stephen J. Hillman.

The case number on all documents filed with the Court should read as follows:

**CV13- 3256 DDP (SHx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

======================================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)    NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )
Celia Williamson

**DEFENDANTS** ( Check box if you are representing yourself ☐ )
Crown Imports, LLC

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Lawrence W. Freiman, Esq. SBN 288917
Michael J. Freiman, Esq.
100 Wilshire Blvd., Suite 950 Santa Monica, CA 90401
(310) 917-1024

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1. U.S. Government Plaintiff
- ☐ 2. U.S. Government Defendant
- ☐ 3. Federal Question (U.S. Government Not a Party)
- ☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☒ 1. Original Proceeding
- ☐ 2. Removed from State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Reinstated or Reopened
- ☐ 5. Transferred from Another District (Specify)
- ☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)
**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   ☒ **MONEY DEMANDED IN COMPLAINT:** $ Excess $75,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 USC 1332

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 210 Land Condemnation | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | ☐ 230 Rent Lease & Ejectment | | ☐ 446 American with Disabilities-Other | ☒ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:** Case Number: **CV13-03256**

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

CV-71 (02/13)                     CIVIL COVER SHEET                     Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ NO ☐ YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ NO ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Illinois |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
NOTE: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _____ DATE: May 7, 2013

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

Name & Address:
Lawrence W. Freiman, Esq. SBN 288917
Michael J. Freiman, Esq. SBN 280716
100 Wilshire Blvd., Suite 950
Santa Monica, CA 90401

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CELIA WILLIAMSON,<br><br>PLAINTIFF(S)<br>v.<br><br>CROWN IMPORTS, LLC<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV13-03256-DDP(SHx)<br><br><br>SUMMONS |

TO:   DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Lawrence W. Freiman, Esq._____, whose address is _100 Wilshire Blvd., Suite 950 Santa Monica, CA 90401_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: May 7, 2013          By: ANDRES PEDRO
                                 Deputy Clerk

                                 (Seal of the Court)
                                 1202

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (10/11)                           SUMMONS